FILED
U.S. DISTRICT COURT
N.D. OF ALABAMA

CV-16-HA-1227-S

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

FILED

2016 JUL 28 A 10: 26

U.S. DISTRICT COURT
N.D. OF ALABAMA

Courtland McCullough, pro se,

Inmate Identification Number: 214636

Petitioner,

(Enter above the full name(s) of the plaintiff(s) in this action)

vs.

Alabama Dep't of Corrections et al

Respondents.

(Enter above full name(s) of the defendant(s) in this action)

NOTICE TO PRO SE LITIGANTS

It is your responsibility to notify the clerk in writing of any address change. Failure to notify the clerk may result in dismissal of your case without further notice.

Previous lawsuits

A. Have you begun other lawsuits in state or federal court(s) dealing with the same facts involved in this action or otherwise relating to your imprisonment?
Yes ( )    No ( ✓ )

B. If your answer to (A) is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuit(s) on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit:

   Plaintiff(s): _____ N/A

   Defendant(s): _____

2. Court (if Federal Court, name the district; if State Court, name the county) _____

3. Docket number _____ N/A _____

4. Name of judge to whom case was assigned _____

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) _____

   _____ N/A _____

6. Approximate date of filing lawsuit _____ N/A _____

7. Approximate date of disposition _____

Place of present confinement _____ Easterling Corrections Unit _____

A. Is there a prisoner grievance procedure in this institution?
   Yes ( )   No ( ✓ )

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?
   Yes ( ✓ )   No ( )

C. If your answer is YES:

   1. What steps did you take? I have Made numerous request to have the "R" suffix removed and filed petitions in the Cir Court of Jefferson County.

   2. What was the result? Denial and Dismissal and Ignored...

D. If your answer is NO, explain why not? _____

   _____ N/A _____

2

Parties

In item (A) below, place your name(s) in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.

A.  Name of plaintiff(s) Courtland McCullough

Address 200 Wallace Drive
Clio, Alabama. 36017

In item (B) below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use item (C) for the names, positions, and places of employment of any additional defendants.

B.  Defendant Alabama Dep't of Corrections et.al

is employed as ~~200~~

at 301 South Ripley St. Montgomery Ala. 36017

C.  Additional Defendants Central Records and CRRC Restricted Review Committee et.al

Statement of Claim

State here, as briefly as possible, the FACTS of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheets, if necessary.

See Attached Sheet

3

_See Attached Sheet_

RELIEF

State briefly <u>exactly</u> what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

_See Attached Sheet_

"I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____.

_____
Signature(s)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

Courtland McCullough, pro-se.,
                    Petitioner,                    Case No: _____

v.

Alabama Dep't of Corrections, et.al.,
                    Respondents.

### Complaint

Comes Now, the petitioner Courtland McCullough [hereinafter "McCullough"], in the above cause-of-action and respectfully submits this complaint seeking declaratory relief declaring that the Central Records Division and the CRCC Restricted Review Committee relyed on erroneous information to classify McCullough as a restricted offender and exercised its powers arbitrarily by administrating the rules unequal to those Simarly Situated. McCullough states the following in support:

### Facts

I  <u>Courtland McCullough 214636</u>  doe hereby

(1).

state under the penalty of perjury that the
below facts are true and correct:

The Petitioner was charged with Murder
and convicted of Manslaughter on November 2,
2000, and was sentence to 20-years imprisonment.
McCullough had no prior offenses, in fact, this
was McCullough first felony conviction of a crime. In
Alabama, Murder requires an "intent", while Manslaughter
does not. ⟨See; Sec. 13A-6-2(a), Code Ala. cir 1975⟩

McCullough was classified as a restricted
offender based on erroneous information that;"
the Coroners report pered the case of death
as a result of asphyxiation, which means;
a form of choking - ⟨See: Exhibit A pg———bd⟩→ D
Robert Brissie was the Coroner that testified
at McCullough Criminal trial to the case of
death. During that testimony Dr. Brissie stated;

"Question: Dr. Brissie, based on your
professional training and within a
reasonable medical certainty, have
you formed an opinion concerning
the case of death of one Cynthia
Moore?"

(2)

Answer: I have.

Question: And what is that Opinion?

Answer: My Opinion that Ms. Cynthia Moore came to her death or demise as a result of Sequelae Secondary resulting from an assault. .... and in Combination with her Cocaine level with Chasing Could Cause a person death. (See: 299-296) Also (297).

It's undisputed that the victim, Ms. Cynthia Moore's death was caused by a Combination of the alleged assault and her Cocaine use. The petitioner was considered only an accomplish in the alleged assault. In Monroe v. Thigpen, 932 F.2d 1437 (11th Cir. 1991), the 11th Circuit Court of Appeals held:

> "The classification Scheme adopted by the Alabama prison system to determine the Custody Status of prisoner is not arbitrary and Capricious, but reasonable and appropriate. In addition, the Classification System used by the Alabama prison System becomes Constitutionally Offensive only if the regulation is

(3).

administered maliciously or in bad faith... and Ala. Code 15-22-26(h75) does not authorize State officials to rely on "knowingly" false information in their determinations.

The petitioner has did everything in his power to show the Classification Specialist at Easterling that the victim in his case did not die by asphyxiation via showing them my trial transcript that attached hereto as Exhibit B and, the petitioner has filed a number of petitions in State Court all to no avail. This is petitioner's last and only hope to have the restricted custody removed from his file because of erroneous information was relied on to classify him, in violation of his rights under Thiaypen.

In addition, McCullough alleged that the Classification regulation were administered against him maliciously and in bad faith, because a white male charged and convicted of murder for putting the victims body in a freezer, after burying and digging up the (15)-year old (4).

victim was not given a "L" suffix. Troy Andrew Smiley public records in Case No. CC-08-998.01-02.

Wherefore, the petitioner request that the "L" suffix be removed from his prison files.

_Courtland McCullough 214636_

Sworn to and Subscribed before a Notary Public of the ADOC on this 12th day of July 2016.

_Courtland McCullough 214636_
Courtland McCullough

_Joseph Davis_                    9-25-18
Notary Public                My Commission Expires

In addition, McCullough states that no other classification regulation to determine the "L" suffix would or could be applyed to the facts in this case. And fact, the Alabama Dept of Corrections affords G.O.O Time Credit under Title 14-9-90 Code Ala 1975 to inmates with a Manslaughter charge. Therefor, further proven that Manslaughter in Alabama is not look upon as heinous offense. (6)

INMATE REQUEST SLIP

Name _Courtland McCollough_  Quarter _C-+29-A_  Date _5-19-16_
AIS # _214636_

( ) Telephone Call     ( ) Custody change     (✓) Personal Problem
( ) Special Visit       ( ) Time Sheet       ( ) Other _____

Briefly Outline Your Request -- Then Drop In Mail Box

Dear MS. Hill will you please help me remove this R, they say that the coroner state that the cause of death was strangled but I have proof I got my transtrip and the coroner never said that the cause of death was strangled that one word strangled fell up under Restricted offender will you please help me. Read my transtrip were the corner stated everything they put false info. in my Record. Thank you

Do Not Write Below This Line -- For Reply Only

CRCC reviewed you on 5/5/16, they considered an "R" due to number 8 & 9 of the "R" criteria. However One considered "R" b/c of 8&9 and the other one considered "R" b/c of 9, do you still feel as though you should have the "R" removed. Let me know and I will get another specialist to give their _M. Opinion_

Approved     Denied     Pay Phone     Collect Call

# ALABAMA DEPARTMENT OF CORRECTIONS
## CLASSIFICATION SUMMARY

CLAS0CN

3

NAME: MCCOLLOUGH, COURTLAND DEWA    RACE: B    SEX: M

HIBITED FROM EARNING GOODTIME

ON IS - EASTERLING CORRECTIONAL CENTER

ODY IS - _Medium_    APRROVED CUSTODY IS - _Med._

IS - _Staton or B:66_    APRROVED PLACEMENT IS - _SCC/Bibb_

| _NT WORK | ASSIGNMENT | NEW WORK ASSIGNMENT |
|---|---|---|
| PRIMARY - | After Care | |
| SECONDARY - | Dorm Cleaner | |

PROGRAM PARTICIPATION - 

WAIVER OF CRITERIA REQUESTED FOR - 

JUSTIFICATION AND COMMENTS -
APR: Restricted Offender (R9) serving 20 years for Manslaughter and time served for UPCS. Subject beat with his feet, hands and a *error to* branch of a tree resulting in the death of a female victim. Police search found cocaine for the UPCS conviction. Subject has completed Re-Entry, CB SAP, Anger and Stress Management and LD Dads. Subject received disciplinary action for an unauthorized area on 7/12/13 and an unauthorized phone on 1/8/13. With a parole date of July 2018, subject does not meet the time criteria for less restrictive custody, and requests a lateral transfer Staton or Bibb.
MH-0/HC-1/NKE
Last action: 2/19/13 (East) No change

_Larry W. Angle_ 2/18/14             X Lateral Transfer SS
CLASSIFICATION SPECIALIST  DATE       _Sherry N. Lightner_ 2/19/14
                                      CLASSIFICATION CO-ORDINATOR  DATE

_Brian Mitchell_ 2-18-14
PSYCHOLOGIST  DATE                    CENTRAL REVIEW BOARD  DATE

_[signature]_ 2-19-14
WARDEN OR REPRESENTIVE  DATE          CENTRAL REVIEW BOARD  DATE

_Courtland McCullough_ 2-18-14
INMATE  DATE                          CENTRAL REVIEW BOARD  DATE

COPY TO SUBJECT
DATE: 2/20/14
FROM: Class

Exhibit A pg 2

APR:  Restricted Offender (R9) serving 20 years for Manslaughter and time served for UPCS. Witness reported that subject chasing a female down the street into a field, where subject then grabbed her hair, ripped her shirt off and kicked her legs from under her. Subject kicked her approximately eight times in the face and then took a branch from a tree and hit her two times in the stomach.  Following the assault subject tried to stuff the body in a sewer drain. The coroner's report placed the cause of death as a result of asphyxiation. Police search found cocaine for the UPCS conviction. Subject has completed Re-Entry, CB SAP, Anger and Stress Management and LD Dads.  Subject received disciplinary action for an unauthorized area on 7/12/13 and an unauthorized phone on 1/8/13. With a parole date of July 2018, subject does not meet the time criteria for less restrictive custody, but may request a lateral transfer to another SL4 institution. MH-0/HC-1/NKE
Last action: 2/19/13 (East) No change

"Asphyxiation means:" the extreme Condition caused by lack of oxygen and excess of Carbon dioxide in the blood, caused by sufficient interference with respiration, as in choking.

Exhibit A pg 3

Julie W. Carter
505 Criminal Justice Center
Birmingham, Alabama  35263
(205) 325-5277

```
 1                    IN THE CIRCUIT COURT
 2          IN AND FOR THE TENTH JUDICIAL CIRCUIT
 3                 JEFFERSON COUNTY, ALABAMA
 4                      CRIMINAL DIVISION
 5
 6   STATE OF ALABAMA,            )
 7           Plaintiff,           )
 8   vs.                          )   CASE NUMBER:
 9   COURTLAND MCCULLOUGH,        )   CC-95-6194
10           Defendant.           )
11
12
13            REPORTER'S OFFICIAL TRANSCRIPT
14
15       Before:    HONORABLE JAMES S. GARRETT
16                  Criminal Justice Center
17                  Birmingham, Alabama
18                  October 30-31, 2000
19                  November 1-2, 2000
20
21
22
23
24
25                                         Exhibit B pg 1
```

Julie W. Carter
505 Criminal Justice Center
Birmingham, Alabama 35263
(205) 325-5277

1   If you will, be back in the jury room at nine
2   o'clock in the morning and we will try to proceed
3   promptly at that time.  Have a good evening,
4   ladies and gentlemen.  See y'all in the morning.
5   Have fun trick or treating.
6            (Proceedings were held in recess until
7            11/1/00 at 9:30 a.m.)
8            (State's Exhibits 49-105 marked for
9            identification.)
10       THE COURT:  All right.  Call your next
11  witness.
12       MS. FOSTER:  Your Honor, we'd call Dr.
13  Robert Brissie.
14       THE COURT:  All right.
15            DR. ROBERT BRISSIE,
16  having been duly sworn, was examined and testified
17  as follows:
18       MR. BRAMER:  Judge, if it would help, I
19  would stipulate to his expertise in the field and
20  his qualifications as a medical examiner.
21       THE COURT:  All right.  Do you wish to
22  accept the stipulation, Ms. Foster?
23       MS. FOSTER:  Your Honor, we'll just go
24  through it very briefly.
25       THE COURT:  All right.  You may proceed.

Ex. B pg 2

Julie W. Carter
505 Criminal Justice Center
Birmingham, Alabama 35263
(205) 325-5277

1  potential hypoxia with compression of structures
2  of the neck I think caused her death.
3  Q    So, I know you had the toxicological
4  evaluation performed on her.  Just for the benefit
5  of these ladies and gentlemen of the jury, would
6  you tell them what it was and are there any --
7  with some explanation -- just a further brief
8  explanation of what amount of cocaine or cocaine
9  metabolite was found and why you're able to draw
10 the conclusion that you did.
11 A    The drug screen and blood alcohol level was
12 performed on the decedent's blood and that test
13 was conducted with negative results.  A urine drug
14 screen was performed, which revealed the presence
15 of cocaine metabolite.  An additional drug screen
16 was performed which revealed a blood cocaine level
17 of 2.4 milligrams per liter within her blood.
18 Q    And so, you said that would possible -- how
19 did you describe it?  Take for instance if the
20 person is chased, what combination of this cocaine
21 metabolite with the chasing could cause a person
22 to have problems?  How does that affect the heart?
23 A    Well, I mean, cocaine can kill you all kinds
24 of different ways.  If you have a very small
25 amount of cocaine in your system certain number --

Ex B pg 5

Julie W. Carter
505 Criminal Justice Center
Birmingham, Alabama 35263
(205) 325-5277

296

1  and it may not be any more than you would have for
2  an ENT procedure.  If a physician is going to use
3  that to do an ENT procedure on a person, the
4  person could develop an arrhythmia.
5  Q    Okay.
6  A    Or if you have a relatively small amount of
7  cocaine in your system and you are very active
8  exercising, et cetera, or releasing adrenaline you
9  would be more sensitive to development of an
10 arrhythmia.
11      You can have higher levels of cocaine in your
12 system that would make you more likely to develop
13 an arrhythmia which could cause a death.  If you
14 have more cocaine in your system, as with a person
15 smoking crack cocaine, then a person can develop
16 seizures and can in fact die from that.
17      Or if a person has several seizures associated
18 with the use of cocaine you can develop what some
19 people would call malignant hyperthermia and the
20 body temperature goes way up.  And they could
21 develop bleeding disorders.
22      Or if a person has a huge level of cocaine in
23 their system they may just hallucinate and die
24 very suddenly.
25      I think this cocaine level in Ms. Moore's

Ex B pg. 6

Case 2:16-cv-01227-MHH-HGD   Document 1   Filed 07/28/16   Page 17 of 17

297

Jute W. Carter
505 Criminal Justice Center
Birmingham, Alabama 35263
(205) 325-5277

1  blood is at a toxic level. But I think from
2  examination of the body that she sustained a
3  significant beating. And I think that she would
4  have -- I think there's some evidence of
5  manipulation of structures of the neck and
6  compression of the neck. I would expect during
7  such an encounter there would be a release of
8  epinephrine which would make the heart more
9  irritable. And so, I think we've got a situation
10 where a person has sustained significant trauma,
11 and has had some bleeding, and has cocaine in the
12 system, and I think all of those combinations
13 caused her death. Combination of all of those
14 things.
15 Q    But in your medical opinion, was the sequelae
16 resulting from the assault be the cause of death,
17 despite the toxic level of cocaine?
18 A    Correct.
19      MS. FOSTER: Dr. Brissie, I have no
20 further questions. You can answer the defense
21 attorney's questions.
22      MR. BRAMER: Judge, are we going to take
23 any type of break this morning?
24      THE COURT: No, let's go ahead and finish
25 with Dr. Brissie, because he's got other matters

Ex. B. pg. 7